IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOCAL UNION NO. 313 OF<br>THE INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS OF WILMINGTON,<br>DELWARE HEALTH AND WELFARE FUND<br>c/o GEM GROUP<br>650 Naamans Road, Suite 303<br>Claymont, DE  19703<br><br>and<br><br>LOCAL UNION NO. 313 OF<br>THE INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS OF WILMINGTON,<br>DELWARE PENSION FUND<br>c/o GEM GROUP<br>650 Naamans Road, Suite 303<br>Claymont, DE  19703<br><br>and<br><br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS LOCAL UNION<br>NO. 313 DEFERRED INCOME PLAN<br>c/o GEM GROUP<br>650 Naamans Road, Suite 303<br>Claymont, DE  19703<br><br>and<br><br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS<br>LOCAL UNION NO. 313<br>814 W. Basin Road<br>New Castle, DE  19720<br><br>Plaintiffs<br><br>v. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>C.A. No. |

113379-1

BAY ELECTRICAL SERVICES, LLC :
   a/k/a Bay Electrical Services :
809B Kiamensi Road :
Wilmington, DE 19804 :
                                :
               Defendant :
                                :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132, 1145.

2.    A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3.    Venue lies in the District of Delaware under 29 U.S.C. §§185(a) or 1132(e)(2).

### PARTIES

4.    Plaintiffs, Local Union No. 313 of the International Brotherhood of Electrical Workers of Wilmington, Delaware Health and Welfare Fund, Local Union No. 313 of the International Brotherhood of Electrical Workers of Wilmington, Delaware Pension Fund and International Brotherhood of Electrical Workers Local Union No. 313 Deferred Income Plan, ("Welfare Fund", "Pension Fund" and "DIP" and, jointly, "Funds"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.    Plaintiff, International Brotherhood of Electrical Workers' Union Local No.313

("Union") is an unincorporated association commonly referred to as labor unions, and is an employee organization which represents, for purposes of collective bargaining, employees of Bay Electrical Contractors, Inc. a/k/a Bay Electrical Services, LLC a/k/a Bay Electrical Services who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

6.  Defendant, Bay Electrical Services, LLC a/k/a Bay Electrical Services ("Company") is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

7.  At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with Local Union No. 313 of the International Brotherhood of Electrical Workers (singly or jointly, "Labor Contract").

8.  The Company also signed or agreed to abide by the terms of the Trust Agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

9.  Under the Labor Contract or Trust Agreements, the Company agreed:

   (a)  To make full and timely payments on a monthly basis to the Plaintiffs as required by the Labor Contracts;

   (b)  To file monthly remittance reports with the Plaintiffs detailing all employees or work for which contributions were required under the Labor Contract;

  (c) To produce, upon request by the Plaintiffs, individually or jointly, all books and records deemed necessary to conduct an audit of Company's records concerning its obligations to the Plaintiffs; and

  (d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Plaintiffs to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

  10. The Company also agreed to make full and timely payments on a monthly basis to the International Brotherhood of Electrical Workers' Local No. 313 Apprenticeship and Training Committee, Delaware Division ("Apprenticeship Fund") and International Brotherhood of Electrical Workers' Vacation Fund ("Vacation" and together with Apprenticeship Fund, "Ancillary Funds").

  11. The Union is the authorized collection agent for the Ancillary Funds. The Union, Funds and Ancillary Funds are, hereinafter, jointly referred to as "Plaintiffs".

**COUNT I - CONTRIBUTIONS UNDER CONTACT**

**PLAINTIFFS**

**v.**

**COMPANY**

  12. The allegations of Paragraphs 1 through 11 are incorporated by reference as if fully restated.

  13. Based upon information presently available to the Plaintiffs, the Company owes the Plaintiffs at least the sum of $69,636.80 due under the Labor Contract or Trust Agreements for the period September 2004 through the present.

14. The Company has not paid the Plaintiffs as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Plaintiffs, jointly and severally, for at least $69,636.80 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

### PLAINTIFFS

v.

### COMPANY

15. The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16. Based upon information presently available to the Plaintiffs, the Company has failed to pay contributions to the Plaintiffs in at least the amount of $69,636.80 for the period September 2004 through the present in violation of 29 U.S.C. §1145.

17. The Plaintiffs have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     Enter judgment against the Company in favor of the Plaintiffs, jointly and severally, for at least $69,636.80 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Plaintiffs or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PLAINTIFFS

## v.

## COMPANY

18.     The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19.     The Company is obligated to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

20.     The amount of contributions and work dues the Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

21.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and

information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

22. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

23. No audit of the Company's books and records has been performed.

24. The Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Funds to audit their records and to cooperate in determining the contributions due the Plaintiffs.

25. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

26. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

## PLAINTIFFS

## v.

## COMPANY

27.     The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28.     On information and belief, the Company has failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

29.     On information and belief, the Plaintiffs have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Plaintiffs, individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS

v.

### COMPANY

30. The allegations of Paragraph 1 through 29 are incorporated by reference as if fully restated.

31. On information and belief, the Company has failed to make contributions to the Plaintiffs in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

32. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

33. On information and belief, the Plaintiffs have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs, individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any

judgment.

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – INJUNCTION

## PLAINTIFFS

v.

## COMPANY

34.   The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35.   A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

36.   Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and/or pay the contributions presently due and owing or which become due and owing in the future, and the Plaintiffs and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company's employees and employees of other employers who fully and timely pay their contributory obligations.

37.   All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and Local Union No. 313 of the International Brotherhood of Electrical Workers (including its affiliated locals) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs for so long as the Company is contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                Respectfully submitted,

                FERRY, JOSEPH & PEARCE, P.A.

BY:   s/ Rick S. Miller
        Rick S. Miller, Esquire (#3418)
        824 Market Street
        P.O. Box 351
        Wilmington, DE 19899-1351
        (302) 575-1555
        Attorney for the Plaintiffs

Date: January 19, 2006

OF COUNSEL:
SANFORD G. ROSENTHAL
JESSICA L. TORTELLA
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 351-0611/0669

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

LOCAL UNION NO. 313 OF
THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS OF WILMINGTON,
DELAWARE, HEALTH AND WELFARE FUND, PENSION FUND, AND DEFERRED INCOME PLAN

b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANT

BAY ELECTRICAL SERVICES, LLC

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rick S. Miller (#3418)
FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302)575-1555

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ 2 U.S. Government Defendent
X 3 Federal Question
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

N/A

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

29 USC §1002 et seq.;Benefits due under ERISA

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Manne<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Midicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Manne<br>☐ 345 Manne Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>☐ 362 Personal Injury-- Med Malpractice<br>☐ 365 Personal Injury -- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>X 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 422 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Dealth Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P 23

DEMAND $ N/A

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES  X NO

## VIII. RELATED CASE(S) IF ANY  (See instructions) N/A

DATE: January 19, 2006                SIGNATURE OF ATTORNEY OF RECORD: /s/Rick S. Miller (#3418)

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __-06-037__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

JAN 1 9 2006

(Date forms issued)            (Signature of Party or their Representative)

_____Chris M'Gonigle_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action